NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-160


ROBERT KALTENBACH

VERSUS

DIANNE SUE NELSON

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 71200-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.

**AFFIRMED**.


Robert Kaltenbach
In Proper Person
1334 Division Road
Arnaudville, LA 70512
(337) 280-6633
COUNSEL FOR PLAINTIFF/APPELLANT:
    Robert Kaltenbach

Alex D. Chapman, Jr.
801 W. Lincoln Road
Ville Platte, LA 70586
(337) 363-2229
COUNSEL FOR DEFENDANT/APPELLEE:
    Dianne Sue Nelson

**COOKS, Judge.**

In September of 2009, Conrad Nelson and his wife, Dianne Sue Nelson, entered into negotiations with Robert Kaltenbach concerning the possible purchase of a motor home. The title to the motor home was in the name of Mr. Kaltenbach's daughter, Gretchen Kaltenbach. The Nelsons test drove the vehicle. According to Mr. Kaltenbach he then extended to the Nelsons a "10 day exclusive option to purchase for consideration of $1,000.00." The offer was apparently accepted and a check in the amount of $1,000.00 was made out to Mr. Kaltenbach and signed by Dianne Sue Nelson.

At some point during the ten-day period, the deal fell through. According to Mr. Nelson, Gretchen Kaltenbach agreed to return the $1,000.00. However, Mr. Kaltenbach refused to return the check. The Nelson's then placed a stop payment on the check.

Mr. Kaltenbach then filed suit against Dianne Sue Nelson, the signatory of the check, for "an unjustified stop payment order where the issuer [of the check] acted in bad faith without lawful or reasonable cause in violation of Louisiana Revised Statute 9:2782.2." The case was initially tried before a Justice of the Peace, who rendered judgment finding Mr. Kaltenbach failed to adequately prove his demand.

Mr. Kaltenbach then filed suit in district court seeking "an appeal from the Justice of the Peace Court in the form of a trial de novo as set forth in [La.Code Civ.P.] Art. 4924." The trial court granted Mr. Kaltenbach's appeal and fixed the matter for hearing on January 22, 2010.

Mrs. Nelson, through her attorney, filed a Peremptory Exception of No Right

of Action, on the grounds Mr. Kaltenbach was not the titled owner of the motor home in question which formed the basis of the dispute. Mr. Kaltenbach, representing himself, filed a "Dilatory Exception of No Right of Representation in a Civil Case," arguing a "civil suit defendant does not have a right to legal representation."

At the hearing, Mr. Kaltenbach remained unrepresented by counsel. The trial court denied his Exception of No Right of Representation in a Civil Case. The trial court also granted Mrs. Nelson's Exception of No Right of Action. This appeal followed.

**ANALYSIS**

Mr. Kaltenbach, again representing himself on appeal, asserts a number of assignments of error which are meritless. As to the Exception of No Right of Representation in a Civil Case, the trial court attempted to explain to Mr. Kaltenbach that a civil defendant is not denied due process of law merely because he is not represented by counsel. The trial court explained:

> . . . that doesn't mean that they're not entitled to an attorney, it means that if somebody goes through a courtroom and is not represented by counsel it's by their choice, and they have not been deprived a due process of law if they're not represented. It does not mean they cannot be represented.

Obviously, it was well within Ms. Nelson's right to hire an attorney. It was also well within Mr. Kaltenbach's right to also hire an attorney, and it is unfortunate for him that he did not do so. The denial of the Exception of No Right of Representation in a Civil Case is affirmed.

We also affirm the trial court's grant of Ms. Nelson's Exception of No Right of Action. Louisiana Code of Civil Procedure article 681 provides ". . . an action can only be brought by a person having a real and actual interest which he asserts. Since

Mr. Kaltenbach was not the titled owner of the vehicle he is not the proper party to bring suit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Robert Kaltenbach.

**AFFIRMED.**